UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDWARD L. HICKS,

    Plaintiff,

v.    Case No. 3:25-cv-225-MMH-LLL

JACKSONVILLE SHERIFF'S
OFFICE, et al.,

    Defendants.

## ORDER

    Plaintiff Edward L. Hicks, an inmate in the custody of the Florida penal system, initiated this action on February 28, 2025, by filing a pro se Complaint for Violation of Civil Rights (Doc. 1). He names the following Defendants: (1) the Jacksonville Sheriff's Office (JSO); (2) Officer S. Stewart; (3) Christina Bennett Jeffries; (4) Officer H.C. McCollum; (5) Officer A. Martin; (6) Officer M.L. Jones; and (7) Officer C.L. Johns. See Doc. 1 at 2–3, 13. In the Complaint, Hicks alleges that Defendants "fabricated evidence" in the criminal proceeding against him. See id. at 4. According to Hicks, he was arrested on March 7, 2022, based on Jeffries's false accusation that he shot and beat her. See id. at 5. Hicks also appears to assert that Officers Stewart, McCollum, Martin, Jones, and

Johns falsely testified during his trial. See id. at 12. As relief, he requests damages. See id. at 5.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[1] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears

---

[1] Hicks requests to proceed as a pauper. See Motion (Doc. 2).

2

that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

4

elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Hicks's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc.

5

v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Hicks's Complaint is subject to dismissal pursuant to the Court's screening obligation. Hicks alleges that Defendants violated the Fourth and Fourteenth Amendments when they fabricated evidence in the criminal proceeding against him. See Doc. 1 at 4. Similar to a malicious prosecution claim, a due process claim regarding fabrication of evidence requires Hicks to show the criminal proceeding against him has been terminated in his favor. See McDonough v. Smith, 588 U.S. 109, 117–118 (2019). In other words, Hicks cannot bring a § 1983 action for that claim until "his conviction [has] been invalidated in some way." Id. at 119 (citing Heck v. Humphrey, 512 U.S. 477, 486 (1994)). "Only once the criminal proceeding has ended in the [criminal] defendant's favor, or a resulting conviction has been invalidated . . . will the statute of limitations begin to run." Id. at 119–20. Here, Hicks has failed to allege that his state criminal proceeding has terminated in his favor. See generally Doc. 1. And a review of the state court docket confirms that his conviction has not been overturned or invalidated. See State v. Hicks, No. 2022-CF-002178 (Fla. 4th Cir. Ct.).[3] Thus, Hicks fails to allege that the

---

[3] The Court takes judicial notice of Hicks's state court docket. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable

6

proceeding terminated in his favor, and to that end, he fails to state a plausible claim for relief.

For additional reasons, Hicks fails to state a plausible § 1983 claim against Jeffries and JSO. A plaintiff can only raise § 1983 claims against "a person acting under the color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). Hicks does not allege that Jeffries, who appears to be a civilian, is a state actor subject to liability under § 1983, nor does the Complaint contain factual allegations suggesting a close nexus between Jeffries and the state such that her activity may be attributable to the state. Moreover, JSO is not a "person" within the meaning of § 1983, and therefore is not a proper defendant. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013)[4] (per curiam) ("Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued."). As such, the Complaint is due to be dismissed,

---

dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 651 (11th Cir. 2020) ("State court records of an inmate's postconviction proceedings generally satisfy [the Rule 201(b)(2)] standard.").

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Therefore, it is now **ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of July, 2025.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-9 7/17
c:  Edward L. Hicks, #462957

8